IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MOATS, et al.,<br><br>                Plaintiffs,<br>     v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>                Defendants. | Case No.: 1:11-cv-02025 LJO JLT<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND<br><br>(Doc. 8)<br><br>ORDER REMANDING THE MATTER TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. 9) |

      Plaintiffs Ronnie Moats, Sharon Moats, and Jennifer Oglesby (collectively, "Plaintiffs") seeks to amend their complaint and remand the action to Kern County Superior Court. (Docs. 8-9). The City of Bakersfield ("Defendant") filed an opposition to the motion to remand (Doc. 11), to which Plaintiffs replied on January 30, 2012. (Doc. 13)

      For the following reasons, Plaintiffs' motions to amend the complaint and to remand the action are **GRANTED**.

**I.  Procedural History**

      Plaintiffs initiated this action against Defendant by filing a "Petition for Writ of Mandate; Memorandum of Points and Authorities in Support Thereof; and Complaint for Damages" Kern County Superior Court on November 4, 2011. (Doc. 2, Exh. 1). Defendants filed a notice of removal, asserting the Court had federal question jurisdiction over the matter, on December 7, 2011 (Doc. 2). On December 21, 2011, Defendants filed an answer to Plaintiffs' complaint. (Doc. 7).

**II.  Motion to Amend the Complaint**

Plaintiffs seek leave to file an amended complaint to omit the sixth cause of action for a violation of Plaintiffs' Fourteenth Amendment. (Doc. 8). Defendant filed a statement of non-opposition to Plaintiffs' motion on January 20, 2012. (Doc. 12).

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant filed an answer to the complaint on December 21, 2012, and Plaintiffs sought to amend the pleading within twenty-one days of service of the responsive pleading on January 5, 2012. Further, Plaintiffs have the consent of Defendant to amend the complaint. Therefore, Plaintiffs' motion to amend is **GRANTED**.[1]

**III.  Motion to Remand**

Plaintiffs seeks to remand the action to the state court. (Doc. 9). Plaintiffs asserts the causes of action in the Amended Complaint arise only under state law and federal question jurisdiction no longer exists. *Id.* at 4. Therefore, Plaintiffs assert the Court should remand the action to the state court. *Id.* at 4-5.

Defendant opposes the motion to remand, and argues that because a federal claim existed at the time of removal, the amendment deleting the federal claim does not divest the Court of its jurisdiction, even if only state law claims remain. (Doc. 12 at 2-4). Defendant asserts Plaintiffs are "engaging in improper tactics to remand this matter back to state court" because the amendment to the complaint was made "in an effort to remove this action back to the Kern County Superior Court." *Id.* at 3. Therefore, Defendants request that the Court retain jurisdiction over the matter.

Defendants correctly note the propriety of removal jurisdiction is determined at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction though the federal claim has been dropped from the case and only state law claims remain. *Carnegie-Melon Univ. v. Cohill*, 484 U.S.

---

[1] For purposes of the motion to remand, the Court considers Plaintiffs' Amended Complaint.

343 (1988); *Nishomoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990).  Here, because the initial complaint, which was in effect at the time of removal, contained a federal claim, the Court holds jurisdiction.  Therefore, Plaintiffs "may not compel remand by amending [the] complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1988).

However, if all federal claims are eliminated from an action, federal courts have discretion to remand the remaining state law claims.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion to retain jurisdiction to adjudicate the pendent state claims or remand them to state court.").  In choosing whether to retain jurisdiction, the court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Melon*, 484 U.S. at 350.  Based upon these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205; *see also Carnegie-Melon* 484 U.S. at 350 n.7 ("these factors usually will favor a decision to relinquish jurisdiction when state issues substantially predominate") (internal quotation marks and citation omitted).

Given the ongoing crisis in this Court created by the crushing case load and lack of judicial resources, the Court finds that judicial economy weighs in favor of remand.  "With regard to comity, the path that best preserves the rights of the state to preside over the court matters is to remand the case." *Loder v. World Sav. Bank, N.A.*, 2011 U.S. Dist. LEXIS 98770, at *11 (N.D. Cal. Sept. 1, 2011).  Further, there is no evidence that this Court is a more convenient forum than the state court.  Notably, the Ninth Circuit has acknowledged that remand is proper when, as here, a plaintiff amends the complaint to remove federal claims and moves for remand without delay.  *See Baddie v. Berkeley Farms, Inc.*, 65 F.3d 487, 490-91 (9th Cir. 1995).  Therefore, the above factors weigh in favor of remand, and Plaintiffs' motion to remand the action is **GRANTED**.

**IV.  Conclusion and Order**

Plaintiff has received the consent of Defendant to file an amended pleading in this action.  Further, the factors set forth in *Carnegie-Melon* weigh in favor of remand, and the Court should not exercise jurisdiction over the remaining state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to amend the complaint is **GRANTED**;
2. Plaintiffs motion to remand is **GRANTED**;
3. The matter is **REMANDED** to Kern County Superior Court; and
4. Because the order remanding this matter to state court concludes this case, the Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

Dated:  **February 6, 2012**                             /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE